```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| JUAN CAMPOS-REYES, | : | MOTION TO VACATE |
| BOP No. 60697-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:14-CV-2155-ODE-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-64-2-ODE-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Juan Campos-Reyes's pro se "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [Doc. No. 1]. For the reasons that follow, the undersigned will recommend that Mr. Campos-Reyes's § 2255 motion be dismissed as untimely and that a Certificate of Appealability be denied.

Federal law provides that "[a] 1-year period of limitation shall apply to a [§ 2255] motion." 28 U.S.C. § 2255(f). That limitations period runs from the latest to occur of four specified events. Id. The event relevant here is "the date on which the judgment of conviction [became] final." Id. at (f)(1).

Judgment against Mr. Campos-Reyes was entered by this Court on January 12, 2010. See [Doc. No. 131]. Mr. Campos-Reyes then had fourteen days to file an appeal. See Fed. R. App. P. 4(b)(1) (appeal period extended from 10 to 14 days by 2009 Amendments). When Mr. Campos-Reyes failed to file a notice of appeal by January

AO 72A
(Rev.8/82)

26, 2010, judgment against him became final on that date. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) ("Mederos did not file a timely notice of appeal . . . . Accordingly, the judgment of conviction became final" when the direct appeal period expired). Accord United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Thus, Mr. Campos-Reyes's § 2255 motion was due on or before January 26, 2011. Because Mr. Reyes-Campos waited until June 25, 2014 to sign and "file" his § 2255 motion, see [Doc. No. 191 at 6], it is untimely.

The undersigned is aware that Mr. Campos-Reyes filed a belated notice of appeal in 2012, see [Doc. No. 165], that the United States Court of Appeals for the Eleventh Circuit dismissed as untimely, see [Doc. No. 186]. The dismissal of Mr. Campos-Reyes's untimely appeal did not restart the one-year limitations period for the filing of his § 2255 motion. Cf. Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) ("a Rule 35(b) modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock"); Bethea v. Girdich, 293 F.3d 577, 577 (2d Cir. 2002) ("We hold that a motion to file a late notice of

2

appeal . . . does not 'restart' the one-year AEDPA limitations period.").

Moreover, Mr. Campos-Reyes has alleged nothing that suggests he might be entitled to equitable tolling of the more than three years by which he missed the deadline for timely filing a § 2255 motion. See generally Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis deleted) (equitable tolling is warranted only when a habeas petitioner can show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (equitable tolling "is an extraordinary remedy which is typically applied sparingly"). Insofar as appears from Mr. Campos-Reyes's § 2255 motion, he exercised no diligence, waiting for more than two years to follow up with his attorney to find out whether an appeal had been filed on his behalf. Mr. Campos-Reyes is not entitled to equitable tolling, and his § 2255 motion may properly be dismissed as being untimely.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse

3

to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Mr. Campos-Reyes has not demonstrated that he is entitled to federal habeas relief, that dismissal on the grounds of

4

untimeliness is incorrect, or that either issue is reasonably debatable.  Therefore, a certificate of appealability should be denied in this case.

In sum: the undersigned **RECOMMENDS** that Mr. Campos-Reyes's § 2255 motion be **DISMISSED AS UNTIMELY** and that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 14th day of July, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)