FEB 24 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN CAMPOS-REYES<br>BOP ID 60697-019,<br>    Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CIVIL ACTION NO.<br>1:14-CV-2155-ODE |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondent. | : | CRIMINAL ACTION NO.<br>1:09-CR-64-2-ODE |

### ORDER

This matter is before the Court on Juan Campos-Reyes's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" [Doc. 191], the magistrate judge's "Final Report and Recommendation" recommending dismissal and denial of a Certificate of Appealability (the "Final R&R") [Doc. 192], and Mr. Campos-Reyes's "Response to the 'R&R' Filed by Magistrate Judge" (the "Objections") [Doc. 204].[1]

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotations marks and citation omitted). Where objections are made, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] Mr. Campos-Reyes's "Motion for an Extension of Time to File Objections" [Doc. 195] was previously granted [Doc. 201].

AO 72A
(Rev.8/82)

objection is made." 28 U.S.C. § 636(b)(1); see also Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (the district judge must "give fresh consideration to those issues to which specific objection has been made by a party") (internal quotation marks and citation omitted).

The Final R&R concluded that the judgment in Mr. Campos-Reyes's criminal case became final on January 26, 2010 (when his time to file a direct appeal expired) and that his § 2255 motion was therefore untimely because he waited until June 25, 2014 to file it (more than three years after the one-year limitation period applicable to § 2255 motions under 28 U.S.C. § 2255(f) had expired). See [Doc. 192 at 1-2]. The Final R&R considered whether Mr. Campos-Reyes was entitled to equitable tolling of the one-year limitation period and concluded that he was not because he had not exercised due diligence in seeking relief under § 2255. See [id. at 3]. The Final R&R recommended that Mr. Campos-Reyes's § 2255 motion be dismissed as untimely and that no Certificate of Appealability be issued because it is not debatable among jurists of reason that dismissal was appropriate. See [id. at 4-5].

Although Mr. Campos-Reyes has filed eight pages of Objections, see [Doc. 204], he has not rebutted the Final R&R's conclusion that he did not exercise due diligence in filing his § 2255 motion after the one-year limitation period expired. Rather, Mr. Campos-Reyes

acknowledges that he waited over two years before contacting this Court to find out whether an appeal had been filed in his case and that he waited an additional two years to file his § 2255 motion. See [Doc. 204 at 4]. This confirms that he did not exercise "due diligence" in seeking relief under § 2255.

To the extent that Mr. Campos-Reyes argues that his entitlement to equitable tolling should be judged by an "excusable neglect" standard, see [Doc. 204 at 5-7], the Court notes that the Supreme Court has instructed federal courts that the "due diligence" standard applied in the Final R&R is the correct standard. See generally Holland v. Florida, 560 U.S. 631, 649 (2010).[2] And, while "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,' id. at 653 (internal quotation marks and citations omitted), it is readily apparent that Mr. Campos-Reyes did not exercise "reasonable diligence" when he waited two years after his

---

[2] Holland holds that there are two prerequisites to the application of equitable tolling: the exercise of "due diligence" by the petitioner and "extraordinary circumstances." See Holland, 560 U.S. at 649. Because "extraordinary circumstances" include "an attorney's failure to satisfy professional standards of care," id., the Final R&R implicitly treated that prerequisite as having been established – based on Mr. Campos-Reyes's allegations that his attorney failed to file an appeal in response to instructions to do so – and focused only on the diligence with which Mr. Campos-Reyes thereafter sought relief under § 2255.

3

criminal conviction became final to inquire about the status of his appeal and an additional two years to file for relief under § 2255.

Mr. Campos-Reyes's Objections are **OVERRULED** and the Final R&R is **APPROVED** and **ADOPTED** as the Order of the Court.  Mr. Campos-Reyes's § 2255 Motion is **DISMISSED** as untimely and a Certificate of Appealability is **DENIED**.

**SO ORDERED**, this 24 day of February, 2015.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)